UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
MONICA DECRESCENTIS, on behalf of :
herself and the Putative Class, :
:
:
Plaintiffs, : 19-CV-4717 (LGS)
:
-against- :
:
LANDS' END, INC., :
:
Defendant. :
:
------------------------------------------------------------ x

SO ORDERED.

Dated: December 9, 2019
New York, New York

# STIPULATION AND ORDER GOVERNING
# THE TREATMENT OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this lawsuit (the "Parties"), through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, testimony given in depositions, hearings, or other pretrial or trial proceedings, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-captioned lawsuit (the "Action").

1.  Any Party may designate as "Confidential" any non-public Material that it produces in response to document requests or interrogatories served in this Action, or other discovery obligations herein, when such Party in good faith believes that the Material contains sensitive security, safety, financial, personal, medical, commercial or proprietary business information relating to such Party, and/or to Lands' End, Inc. ("Lands' End") or Delta Air Lines, Inc.'s ("Delta's") current or former employees, the public disclosure of which may have an adverse effect on the personal, financial, commercial or business reputation or interests of such Party or the current or former employees of Lands' End or Delta ("Confidential Material"). Information is not Confidential if,

through no wrongful act, failure to act, or other violation of this Stipulation and Order on the part of any Party or non-Party, it (1) was, is or becomes public knowledge, including through public disclosure in a printed publication or (2) was known to the receiving Party without breach of any obligation of confidentiality by any Party or non-Party before it was produced. Any non-Party from whom discovery is sought by a Party to this Action may avail itself of the protections and limitations of disclosure provided for in this Stipulation and Order. The non-Party shall identify any Confidential Material produced in accordance with this Stipulation and Order. The Parties hereby agree to treat any Confidential Material produced by a non-Party in accordance with the terms of this Stipulation and Order. The Parties shall reference this Stipulation and Order in any subpoena or discovery request they serve or otherwise provide to any non-Party.

2. Confidential Material shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Confidential Material be given or shown for the purposes permitted under this paragraph 2, as set forth in subparagraph (a) below.

(a) Confidential Material may be disclosed, for the purposes set forth above, only to:

(i) the Parties, counsel of record and other counsel for the Parties in this Action, including employees working with counsel, if any, in connection with this Action;

(ii) the litigation forums in which the Action may proceed (including the Court, court reporters, and stenographic reporters); and

(iii) witnesses, experts, contractors, agents and consultants (each, individually, a "Receiving Non-party") in preparation for or in pre-trial or trial proceedings relating

to the Action, but only if and to the extent disclosure to such Receiving Non-party is reasonably necessary for this Action.

3. Each Receiving Non-party given access to Confidential Material pursuant to the terms hereof shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a Receiving Non-party is given access to Confidential Material, he/she must read and agree to be bound by the provisions of this Order to the same extent as if such Receiving Non-party were a Party and has signed the "Acknowledgment And Agreement To Be Bound By Stipulation And Order" (Exhibit A). Each Party and its respective counsel agree to immediately notify counsel for all other Parties if it obtains knowledge or information that a Receiving Non-party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

4. Documents not marked "Confidential" that a Party produced prior to the execution of this Stipulation will be treated as Confidential Material so long as the producing Party identifies by Bates stamp number to the other Party those documents that are to be treated as Confidential.

5. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production. If a document is stored or recorded electronically (including databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed on it, the designating Party may designate such Material as Confidential Material by cover letter identifying the Confidential Material. Parties other than the producing Party shall also have the right to designate such Materials for Confidential treatment in accordance with this Stipulation and Order by written notice. If only portions of the

information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

(b) In the case of testimony, either Party may designate portions of the transcript (including exhibits) that contain Confidential Material by a statement to such effect on the record. All transcripts will automatically be designated as "CONFIDENTIAL" from the day of the deposition, hearing or other proceeding to 14 calendar days after the final original transcript becomes available for review. During this period of automatic designation, either Party may provide written designations of those portions of the transcript (including exhibits) that qualify for protection under this Stipulation and Order. If such written designations are submitted, then the final transcript will be revised to reflect those designations. After the expiration of this period of automatic designation, if no portions of the transcript were designated as "CONFIDENTIAL" by a statement to such effect on the record during the course of the testimony or by written designations as set forth above, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

6. (a) The Parties may at any time, on reasonable notice not less than two business days, move for (i) modification of this Stipulation and Order or (ii) relief from the provisions of this

Stipulation and Order with respect to specific Material (subject to the terms of subparagraph 5(b), below).

(b) The Party that has not produced the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If the Party that has not produced the Confidential Material challenges such designation, it shall send or give notice to counsel for the other Parties, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice of not less than two business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law.

(c) If corrected, an inadvertent failure to designate any Material as "Confidential" does not, standing alone, waive any Party's right to secure protection under this Stipulation and Order for such Material. If Material is appropriately designated as Confidential Material after such Material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Order. As used in this Stipulation and Order, an act is "timely" if it does not unduly prejudice another Party.

7. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

8. (a) This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this Action. At the conclusion of this litigation, each Party shall return promptly to its own counsel all Confidential

Material. Similarly, a Receiving Non-party who has agreed in writing to be bound by this Stipulation and Order shall promptly return to the counsel who provided such Confidential Material for the Receiving Non-party's review all such Confidential Material in the Receiving Non-party's possession.

(b) Within sixty (60) days after final termination of the Action, including all appeals, each Party shall take reasonable efforts to either (a) return all Confidential Material to the producing Party (including any copies, extracts or summaries thereof or documents containing information taken therefrom) or (b) destroy all such Confidential Material and deliver to the producing Party a letter certifying that such destruction of Confidential Material has occurred. "Reasonable efforts" shall not require the return or destruction of Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Counsel for the Parties may retain archival copies of any Confidential Material in their office files and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Confidential Material, but shall otherwise be bound by the terms of this Stipulation and Order and shall take appropriate steps to prevent the disclosure in a manner contrary to this Stipulation and Order of such Confidential Material.

(c) Notwithstanding the return and/or destruction of any Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order. Plaintiff acknowledges that Lands' End's Confidential Material may be highly sensitive and that any violation of this Stipulation and Order is a violation of the Court's order and may subject her to sanctions.

9. (a) Pursuant to Fed. R. Evid. 502(e) and 502(d), it is expressly recognized and agreed that production by any Party of information such party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information") shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given. This Stipulation and Order protects any disclosure of Privileged Information, whether that disclosure is inadvertent or otherwise. This Stipulation and Order shall be interpreted to provide the maximum protection allowed to the producing Party by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of Privileged Information under this Stipulation and Order. However, if for any reason the Court finds that this Section is inapplicable to Privileged Information, then Rule 502(b) will apply in its absence.

(b) Notice that a producing Party has disclosed Privileged Information without intending a waiver of any claim of privilege shall be given promptly and, on request by the producing Party, all produced Privileged Information as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly.

10. This Stipulation and Order does not, by itself, authorize the filing of any document under seal. A Party that seeks to file under seal any Confidential Material must comply with the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, and Individual Rule 1.C.3. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order. If a Party wishes to file in the public record a document that a producing Party has designated as Confidential, the Party must advise the producing Party of the document no later than five (5) business days before the document is due to be filed, so that the producing Party may move the Court to require the document to be filed under seal.

11. The Court retained unfettered discretion whether or not to afford confidential treatment to any Confidential Material or information contained in any Confidential Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated: December 6, 2019

Respectfully submitted,

| CERASIA & DEL REY-CONE LLP | LATHAM & WATKINS LLP |
|---|---|
| By /s/ Edward Cerasia II | By /s/ U. Gwyn Williams |
| Edward Cerasia II | U. Gwyn Williams |
| 150 Broadway, Suite 1517 | 200 Clarendon Street |
| New York, New York 10038 | Boston, Massachusetts 02116 |
| 646.525.4231 | 617.880.4500 |
| ed@cdemploymentlaw.com | gwyn.williams@lw.com |
| *Attorneys for Plaintiff and Proposed Class* | *Attorneys for Defendant* |

SO ORDERED:

Dated: December __, 2019
New York, New York

_____
Lorna G. Schofield
United States District Judge

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND ORDER

I, [NAME], with an address of [ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulation And Order Governing The Treatment Of Confidential Material that was issued by the U.S. District Court for the Southern District of New York in the case of *DeCrescentis v. Lands' End, Inc.*, No. 19 Civ. 19 Civ. 4717 (LGS) (the "Protective Order").

I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of that Protective Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of enforcing the terms of that Protective Order, even if such enforcement proceedings occur after termination of the Action.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my New York agent for service of process in connection with this Action or any proceedings related to enforcement of that Protective Order.

Executed on _____, 20____, at [CITY AND STATE].

Signature: _____